1:17-cv-08898
Judge Elaine E. Bucklo
Magistrate Judge Sidney I. Schenkier

**RECEIVED**

DEC 11 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

SEAN KELLEGHAN )
)
    Plaintiff, )
)
v.

Dr. Robin Mraz, individually and as agent of Central DuPage Emergency Physicians P.C. and successor business entities, Cadence Health, Central DuPage Hospital, Northwestern Medicine
DR. Joseph Boyle, individually and as agent of Central Dupage emergency Physicians P.C., and successor and or affiliated business entities, Cadence Health, Central DuPage Hospital, Northwestern Medicine.
Central DuPage emergency Physicians P.C., and its successor business entities.
Kahleen Kelleghan, Individually and as Employee of Heartland Health Centers,
Michael Gockman, individually and as agent of DuPage County Health Dept.
Jim Clay, DuPage County Health Department, Heartland Health Centers
    Defendants.

## COMPLAINT

I, Plaintiff SEAN KELLEGHAN, for my complaint against the above-named defendants, allege the following:

### JURISDICTION AND VENUE

1.    This is a civil rights action brought pursuant to 42 U.S.C. 1983 and the Constitution of the United States. This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 and 1343(a). There is jurisdiction over Plaintiff's state law claims pursuant to the Court's supplemental jurisdiction, as codified in 28 U.S.C. 1367(a).

2.    Venue is proper in this district under 28 U.S.C. 1391(b). The individual parties reside in and the business entities do business in and have primary facilities located in this judicial district, and the events giving rise to the claims asserted occurred in this judicial district. as well.

## PARTIES

3. Plaintiff Sean Kelleghan is a resident of DuPage County and a citizen of the United States.

4. All individual defendants on information and belief are pr were at all revevant times residents of this judicial district and citizens of the united states.

5. All business entity defendants are located in this judicial district and each conducts businessin this judicial district within United States.

## ALLEGATIONS OF FACT

1. On December 8, 2012, Plaintiff presented himself for treatment, of his own volition at Central DuPage Hospital Emergency Room in Winfield Illinois, and was under the care and custody of Central DuPage Emergency Physicians P.C., throughout the day and under the influence of of medication administered by Dr. Boyle into the time following December 8, 2012.

2. On December 8, 2012 James Glockman representing Dupage County Health Department interviewed Plaintiff at Central DuPage Hospital Emergency Room under false pretenses, asserting that his purpose was to determine petitioner's eligibility for a medical insurance program when in fact his purpose was to do a medical evaluation of Plaintiff. Mr. Glockman explained HIPPA regulations to Plaintiff and asked for Plaintiff's signature as authorization to disclose Plaintiff's private health information and Plaintiff declined to sign the document, intuiting that Mr. Glockman's intrusive questioning was aimed at some undisclosed purpose.

2. In spite of Plaintiff's refusal to accomadate Mr. Glockman in any way Mr. Glockman proceeded to fraudulently assert in documents filed by him on December 8, 2012 AND

2 of 10

December 9, 2012 that Plaintiff had given him permission to interview Kathleen Kelleghan with respect to Plaintiffs history.

3. Plaintiff was at the time an inpatient at Central DuPage Hospital and Plaintiff had explicitly declined to allow Kathleen Kelleghan to participate in his care with the exception of succumbing to Ms. Kelleghan's harassing demand that she be allowed to advise plaintiff on insurance related matters.

4. Nevertheless Ms. Kelleghan proceeded to lodge several allegations she knew to be false with Mr. Glockman which are memorialized in Mr. Glockman's above noted reports, one of which was purportedly immediately faxed to another healthcare provider and then relied upon by that healthcare provider in its admission, diagnostic and treatment decisions relative to patient in direct violation of federal HIPPA laws and to Plaintiff's great harm.

5. Plaintiff on multiple occasions made written requests to Cadence, Central DuPage, Northwestern Medicine for all oof jhis medical records relative to the the treatment he received beginning December 8, 2012 and extending into December 9, 2012.

6 Plaintiff was particularly interested in ascertaining inf9ormation relative to to medication given to Plaintiff against Plaintiff's unequivocal demand that the medication not be administered to him.

5. April 20? 2016 records person laughingly said "we only obstruct document requests when they are made by attorneys," but then proceeded to issue records that failed to disclose the medications given to patient and failed to produce records relative to a petition and certification protocol in blatant violation of Illinois law.

6. In spite of Plaintiff's reasoned refusal to sign HIPPA authorization offered to him by Mr. Glockman, Mr. Glockman nevertheless interviewed Kathleen Kelleghan, without authorization

from Plaintiff and entered several statements known to be false by Ms. Kelleghan into Plaintiff's health record and subsequently faxed that violative and false healthcare information to another hospital for the review of that hospitals staff.

7. Plaintiff was not notified that Mr. Glockman and Ms. Kelleghan took the above actions at any time and Plaintiff became aware of the foregoing only on December 7, 2017 after Plaintiffs third concerted effort to avail himself of all of his health records relative to the December 8, 2017 and following healthcare provided to Plaintiff by Central DuPage Hospital.

7. Central DuPage Hospital Began concealing crucial documents relative to Plaintiff's treatment at CDH on December 8, 2012 when it through all and any of its agents failed to notify Plaintiff of the judicial nature of the admission process they were subjecting Plaintiff to.

8. CDH violated Illinois healthcare privacy laws in it's failure to protect Plaintiff from the intrusion of Mr. Glockman and Ms. Kelleghan.

9. CDH violated Illinois Mental Health code by failing to give Plaintiff copy of Petition and Ceritificate and ancillary documents even more than twelve hours after executing those documents without Plaintiff's knowledge.

10. Plaintiff at approximately 10:00 p.m December 8, 2012 spontaneously asked to speak to an attorney, yet in direct violation of Illinois Mental Health Code CDH agents refused to fascilitate Plaintiff's request and instead injected Plaintiff with a medication, over Plaintiff's clear onjection and without written notice regarding the medication, which their records note was administered to fascilitate Plaintiff's transfer to another fascility in direct violation of Plaintiff's rights to be free of unreasonable seizure and in direct violation of Plaintiff's right to due process of law.

11. Even upon transferring Plaintiff to another fascility as described above CDH failed to give Plaintiff copies of documents which Illinois Law requires.



12. On a number of occasions Plaintiff tried to ascertain all records relevant to his treatment at CDh and in spite of making specific requests on or about April 20, 2016, CDH records department concealed the existence of the report submitted by Mr. Glockman memorializing Ms. Kelleghan's knowingly false allegations relevant to Plaintiff's history.

13. On December 7, 2017 Plaintiff made a a final effort to avail himself of all documents relative to his care and noted that the records agent at CDH withheld a handful of documents after passing the balance of a just copied stack to Plaintiff.

14. Plaintiff inquired as to the nature of the witrheld documents and the records agent misr3epresented their nature.

15. After persisting CDH records agent finally passed the documents to Plaintiff and Plaintiff discovered that the documents had been withheld from all previous document requests made by plaintiff.

16. Plaintiff discovered that the documents which CDH had been knowingly withholding comprised the document faxed to another medical fascility by Mr. Glockman in direction violation of HIPPA and Illinois Medical Privacy law, which memorialized Kathleen Kelleghan's false statements regarding Plaintiff.

17. On or about December 9, 2012 Kathleen Kelleghan, on information and belief induced Jim Clay to file a knowingly false police report with a local law enforcement agency.

18. Mr. Clay's false allegations were immediately investigated and found to be baseless, but Ms. Kelleghan leveraged Plaintiff's belief that an investigation was continuing to intimidate Plaintiff and influence Plaintiff's choices regarding the disposition of the treatment Plaintiff was being subjected to.

4

1. Police report taken by SCPD Officer Beem. I told Officer Sheets that I wanted to press charges against Ambrose for filing a false police report which she used to buttress her false petition for Order of Protection against me.

2. Officer Sheets told me that the St. Charles Police were prohibited from conducting investigations at that facility due to laws regarding confidentiality.

3. The deceptions and concealments worked upon me by Officer Bodigheimer and Officer Sheets crippled my ability to defend myself against Ambrose's false allegations in 15 OP 510 and ultimately resulted in my extorted submission to an agreed order settling the matter which left me unable to recover my costs and fees along with other damages.

## 42 USC 1983 Conspiracy Allegations

4. All of the actions of Mr. Glockman, Ms. Kelleghan, the CDH PC Dr.s Mraz and Boyles', Jim Clay and any unnamed co-conspirators, as set forth above including failing to notify plaintiff of pendency of Petition/Certificate, incorporating false information into Plaintiff's medical record, administering psychotropic drugs against Plaintiff's express refusal and refusal to allow Plaintiff his due process rights per IllinoisMental Health law were done jointly, in concert and with the shared intent of injuring Plaintiff and violating his constitutional rights, including his right to due process of law, equal protection under the law and to be free from unreasonable seizure, and thereby constituted a continuing civil conspiracy under 42 U.S.C. 1983.

5. As a result of CDH pc, Dupage County Health Dept, Kate actions Plaintiff suffered severe mental anguish, loss of his personal liberty, severe reputational damage and myriad other damages.



6. Additionally Kelleghan had to endure a sustained campaign of false and slanderous statements about his conduct and has been forced to defend himself against false allegations for years at great expense.

*WHEREFORE* Plaintiff Sean Kelleghan demands judgment against all of the defendants designated in this Count, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate Plaintiff for all of the damages he has sustained, as well as attorneys' fees, and such other relief as this Court deems equitable and just. Further, since the acts of the Defendants were willful, wanton, and/or malicious, Plaintiff demands punitive damages.

## Count II

### (State Law – Intentional Infliction of Emotional Distress –)

7. Each paragraph of this complaint is incorporated herein.

8. Defendant's undertook this extreme and outrageous conduct with intent and/or knowledge that the conduct was extremely likely to inflict severe emotional distress on Plaintiff.

9. As a direct and proximate result of Defendants extreme and outrageous conduct, Plaintiff was injured, and has experienced, and continues to experience, severe emotional distress, including but not limited to sleep disruption, anxiety and additional physical and psychological injury.

WHEREFORE, Plaintiff Kelleghan demands judgment against Defendant's for compensatory damages, the cost of this action, and any other relief the Court may deem appropriate. Additionally because defendant's acted willfully, wantonly, and maliciously, Plaintiff further seeks an award of punitive damages from Defendants..



10. s, or so acted when they knew, or should have known, that their conduct would cause or be likely to cause Plaintiff severe emotional distress.

2017 DEC 11 PM 6:07

WHEREFORE, Plaintiff Kelleghan demands judgment against each and every Defendant named in this Count, jointly and severally, for compensatory damages, the cost of this action, and for any other relief the Court may deem appropriate. Additionally, because each and every Defendant acted willfully, wantonly and/or maliciously, Plainstiff further demands punitive damages from each and every Defendant.

## Count VII

### (State Law – Conspiracy to Inflict Severe Emotional Distress)

11. Each paragraph of this complaint is incorporated herein.

12. Each and every defendant named in this complaint, with each other and with other non-defendant co-conspirators, including those named in this complaint, together reached an understanding, engaged in a common venture, and otherwise jointly acted and/or conspired among themselves to engage in extreme and outrageous conduct   This extreme and outrageous conspiratorial conduct was with the intent, and/or had the effect of, directly and proximately causing Plaintiff severe emotional distress, and each and every Defendant knew or should have known, that their conduct would cause or be likely to cause Plaintiff severe emotional distress.

13. As a direct and proximate result of this conspiracy, Plaintiff was injured, and has experienced, and continues to experience, severe emotional distress, including but not limited to sleep disruption, anxiety, and other physical and psychological injury.



WHEREFORE, Plaintiff Kelleghan demands judgment against each and every Defendant named in this Count, jointly and severally, for compensatory damages, the cost of this action, and for any other relief the Court may deem appropriate. Additionally, because each and every Defendant acted willfully, wantonly and/or maliciously, Plaintiff further demands substantial punitive damages from each and every Defendant.

### Count VIII

### (State Law – Respondeat Superior – St. Charles)

14. Each paragraph of this Complaint is incorporated herein.

15. All of the SCPD defendants were, at all times material to this complaint, employees of defendant City of St. Charles and were acting within the scope of their employment, and their acts which violated state law are directly chargeable to the City of St. Charles under state law pursuant to respondeat superior.

WHEREFORE, Plaintiff demands judgment against the City of St. Charles for any and all compensatory damages awarded on Plantiff's state law claims against the St. Charles Police defendants, plus costs of this action and whatever additional relief this Court deems equitable and just.

16. All of the GPD defendants were, at all times material to this complaint, employees of CDH, DUPage County Health Department, or Heartland, and were acting within the scope of their employment, and their acts which violated state law are directly chargeable to their employer's under state law pursuant to respondeat superior.



WHEREFORE, Plaintiff demands judgment against the each of the above listed business entities and their successors for any and all compensatory damages awarded on Plantiff's state law claims against the defendants, plus costs of this action and whatever additional relief this Court deems equitable and just.

### Count IX

### (745 ILCS 10/9-102 Claim Against the City of St. Charles)

17. Each paragraph of this complaint is incorporated herein.

18. Defendants employers Central DuPage Emergency Physicians PC, DuPage County Health Department, and Heartland were the respective employers of each defendant at all times relevant and material to this complaint.

19. Said defendants committed the acts alleged herein under color of law and in the scope of their employment relative to their respective employers.

WHEREFORE, the Plaintiff, pursuant to 745 ILCS 10/9-102, and otherwise pursuant to law, demands judgment against defendants the above listed employers in the amounts awarded to Plaintiff against the individual defendants as compensatory damages, attorneys' fees, costs and interest, and or whatever additional relief this Court deems equitable and just.

Plaintiff demands trial by jury on all issues so triable.

Subscribed and on oath sworn by Plaintiff, Sean Kelleghan, the foregoing statements are true and accurate.

SEAN KELLEGHAN
599 S. FAIRVIEW AVE
ELMHURST IL 60126

_____  DEC 8, 2017